# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MACNEIL AUTOMOTIVE PRODUCTS )
LIMITED, d/b/a WEATHERTECH, )
an Illinois Corporation, and MACNEIL IP )
LLC, an Illinois Company )
                                        )    **Case No. 19 CV 2514**

     **Plaintiffs,** )

         **v.** )
                                          )    **Hon. Sharon Johnson Coleman**

YITA, LLC, (d/b/a Oedro and/or d/b/a )
YitaMotor), a Washington Company, )

     **Defendant.** )    <u>**JURY TRIAL DEMANDED**</u>

## <u>FIRST AMENDED COMPLAINT</u>

Plaintiffs, MacNeil Automotive Products Limited and MacNeil IP LLC (collectively "MacNeil"), by their undersigned attorneys, for their First Amended Complaint against defendant Yita, LLC (d/b/a Oedro and/or d/b/a YitaMotor) hereafter ("Yita") allege as follows:[1]

## <u>NATURE OF THE ACTION</u>

1.    This is an action against Defendant for Illinois common law unfair competition, false advertising, federal unfair competition, the Illinois Deceptive Trade Practices Act, and the Illinois Consumer Fraud and Deceptive Business Practices Act, and patent infringement.

## <u>PARTIES</u>

2.    Plaintiff MacNeil Automotive Products Limited ("MNAPL") is a corporation organized under the laws of the State of Illinois with a principal place of business located in Bolingbrook, Illinois 60440. MacNeil is a manufacturer and supplier of automotive accessories including, among other things, vehicle floor trays and mats and affixation devices for these

---

[1]    This First Amended Complaint is being filed pursuant to Rule 15 and with the written consent of Yita.

products. Plaintiff MacNeil IP LLC ("MNIP") is a company organized under the laws of the State of Illinois with a principal place of business located in Bolingbrook, Illinois 60440. MNIP owns intellectual property as it relates to the MacNeil companies.

3. Upon information and belief, Defendant Yita, LLC (d/b/a Oedro or d/b/a YitaMotor) is a Washington limited liability company with a place of business at 18220 80th Place South, Kent, Washington 98032. Upon information and belief, this Defendant has placed into the stream of commerce and markets and distributes infringing products nationwide, including this district, represented by its line of floor trays marked as "Oedro" and/or "YitaMotor", (hereinafter the accused product floor trays shall be referred to as the "Infringing Products").

## JURISDICTION

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 because MacNeil's claims arise under the laws of the United States. This Court has supplemental jurisdiction over MacNeil's state law claims pursuant to 28 U.S.C. § 1367. On information and belief, this Court has personal jurisdiction over Defendant because, *inter alia*, they transact business in this district by marketing, offering to sell, distributing and selling products, including Infringing Products, to Illinois customers and have contributed to numerous sales to Illinois consumers of said products and Infringing Products.

## FACTUAL BACKGROUND

5. MacNeil, d/b/a WeatherTech®, has expended many millions of dollars advertising its products, including but not limited to many SuperBowl commercials and advertising and supporting the Chicago Blackhawks. MacNeil is a Chicagoland based company, with facilities in Bolingbrook and Downers Grove, Illinois.

6.     Since 1989, MacNeil has been a distributor of vehicle floor mats throughout the United States.  Since 2005, MacNeil has manufactured, distributed, advertised and sold to consumers throughout the United States its vehicle floor trays which are digitally measured for precise fit for certain makes and models of vehicles.  MacNeil markets these products extensively under its mark WEATHERTECH®.

7.     MacNeil's floor trays were and are a revolutionary product in the vehicle floor tray industry.  MacNeil's design and inventions with regard to said floor trays were so successful that MacNeil was able to obtain a significant market share in the floor tray product market very shortly after the product's introduction to the marketplace.

8.     MNIP is the owner of United States Patent No. 8,382,186 ("the '186 Patent"), attached hereto as Exhibit 1, duly and legally issued on February 26, 2013.  MNAPL is the exclusive licensee of the '186 Patent.

9.     Plaintiffs have standing to sue for infringement of the '186 Patent and may seek monetary damages, injunctions and other relief pursuant to 35 U.S.C. § 271 for past, current and future infringement of the '186 Patent.

10.     MNIP is the owner of United States Patent No. 8,833,834 ("the '834 Patent"), attached hereto as Exhibit 4, duly and legally issued on September 16, 2014.  MNAPL is the exclusive licensee of the '834 Patent.

11.     Plaintiffs have standing to sue for infringement of the '834 Patent and may seek monetary damages, injunctions and other relief pursuant to 35 U.S.C. § 271 for past, current and future infringement of the '834 Patent.

12.     On information and belief, Defendant distributes and markets the Infringing Products, marked as "Oedro" and/or "YitaMotor", throughout the United States, including this judicial district.  A representative sample of the Infringing Products, with the "Oedro" mark is set forth in Exhibit 2.  A representative sample of the Infringing Products, with the "YitaMotor" mark is set forth in Exhibit 3.  The Infringing Products will vary from different makes/models/years of vehicles as they are custom designed to fit a particular foot well depending on different vehicle's designs.

13.     On information and belief, all of Defendant's Infringing floor tray Products that are currently marketed and sold under the trade name "Oedro" and/or "YitaMotor" infringe the '186 Patent.  On information and belief, certain of Yita's floor tray products that MacNeil has examined infringe certain claims of the '834 Patent and upon further investigation additional SKUs may be found to infringe said claims as well.

14.     MacNeil does not make just a one-size-fits-all vehicle floor tray, but instead produces a wide range of vehicle floor trays which are custom fit particular vehicles by make, model and year.  In addition to incorporating several patented inventions, MacNeil's floor trays each incorporate a product configuration or trade dress which is not dictated by functional considerations, which is repeated from one make/model/vehicle to the next, and which have come to be recognized by the public as an indication that the vehicle floor tray in question is a MacNeil floor tray.  The unique and distinctive product configuration shall be referred to herein as MacNeil's "Trade Dress" or "trade dress".  MacNeil's trade dress is not functional.

15.     Among these nonfunctional features, which make up MacNeil's trade dress, are a fore-and-aft oriented parallel array of ribs that have a constant, predetermined width and a constant spacing apart from each other.  The fore-and-aft ribs are all straight.

16.     The nonfunctional features further include a recessed rectangular badge receptacle located near the aft, outboard corner of the floor tray.  The rectangular badge receptacle is elongate in a fore-and-aft direction.

17.     The nonfunctional features further include a specific surface texture on the upper surface of the part.  All these nonfunctional features constitute MacNeil's trade dress.

18.     Long prior to the acts of the Defendant described in this Complaint, MacNeil has extensively advertised and promoted its trade dress.  As a result of the care and skill exercised by MacNeil and the quality of its superior floor tray, and because of the extensive advertising, promotion, sales and public acceptance of MacNeil's trade dress, MacNeil's floor trays have acquired a fine and valuable reputation.  The public recognizes MacNeil's trade dress and that it identifies MacNeil's products exclusively.  MacNeil's floor trays have acquired an outstanding celebrity and symbolize the fine reputation and goodwill that MacNeil has created by distributing and selling products of high quality and by fair and honorable dealing with the trade and public in the distribution and sale of its floor tray products.

19.     MacNeil's products are known for their superior quality of material and MacNeil's trade dress is recognized by the public as a symbol of those superior qualities.

20.     The identifying appearance of MacNeil's trade dress constitutes protectable property of MacNeil.

21.     MacNeil has spent and continues to spend substantial sums of money, time and effort to develop, advertise and promote its trade dress and related products through, in part, distribution of catalogs and brochures, advertising campaigns, and national and international trade shows.  For example, MacNeil made an expensive media buy in support of the Chicago Blackhawks 2010 Stanley Cup Championship, and continues to support the Blackhawks, and has

purchased Super Bowl ads featuring its products and protectable trade dress for many years running.

22.     MacNeil recently became aware of Defendant's activities in selling its Infringing Products through online marketplaces and other venues.   This lawsuit followed.

<u>**COUNT I – ILLINOIS COMMON LAW – UNFAIR COMPETITION**</u>

23.     MacNeil reasserts and incorporates by reference the allegations of their First Amended Complaint at paragraphs 1 through 22 as if fully set forth herein.

24.     For many years, MacNeil has expended substantial sums of money creating, advertising, promoting, establishing and supporting its trade dress with its customers and Illinois and American consumers in general.

25.     As a result of MacNeil's substantial investment and hard work over the years, as well as MacNeil's commitment to quality, excellence and customer service, MacNeil has earned tremendous goodwill and a fine reputation with consumers and the trade, who associate MacNeil with its trade dress.

26.     Defendant is aware of the above facts, and has sought to wrongfully capitalize on MacNeil's fine reputation and goodwill by advertising, promoting and selling, and/or causing such marketing their Infringing Products which are an intentional attempt to copy and/or create a colorable imitation of MacNeil's trade dress.  As a result of Defendant's wrongful conduct, Defendant is able to free-ride off of MacNeil's substantial investment and hard work by causing confusion among consumers in the marketplace and attempting to identify or associate their Infringing Products with MacNeil's product and/or confuse consumers that this is the case.

27.     MacNeil has been, is, and will continue to be damaged by the Defendant's actions and MacNeil does not have an adequate remedy at law.  Defendant's actions have damaged, and will continue to damage, MacNeil's business, market, reputation and goodwill.

WHEREFORE, MacNeil prays for entry of judgment in its favor and against Defendant as follows:

A.     Enter a permanent injunction restraining and enjoining Defendant and all of its agents, servants, employees, successors and assigns, and all persons in active concert or participation with Defendant, from

    1)    Selling, marketing, advertising, importing or purchasing the Infringing Products as detailed in this Complaint;

    2)    Unfairly competing with MacNeil; and

    3)    Causing a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of their products or as to any affiliation, connection or association of them with or approval of said products by MacNeil, or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to MacNeil.

B.     An Order requiring Defendant to file with this Court and serve upon MacNeil within 30 days after the entry of the permanent injunction a report, in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the above subparagraph (A) of this prayer;

C.     An award to MacNeil of all profits received by Defendant from the sales and revenues of any kind made as a result of Defendant's sales of its Infringing Products, damages, to be determined, that MacNeil has suffered as a result of Defendant's conduct, and the costs of this litigation; and

D.     Grant MacNeil such other and further relief as the Court may deem just, proper and equitable under the circumstances.

**COUNT II – UNJUST ENRICHMENT**

28.     MacNeil reasserts and incorporates by reference the allegations of their First Amended Complaint at paragraphs 1 through 22 as if fully set forth herein.

29.     For many years, MacNeil has expended substantial sums of money creating, advertising, promoting, establishing and supporting its trade dress with its customers and Illinois and American consumers in general.

30.     As a result of MacNeil's substantial investment and hard work over the years, as well as MacNeil's commitment to quality, excellence and customer service, MacNeil has earned tremendous goodwill and a fine reputation with consumers and the trade, who associate MacNeil with its trade dress.

31.     Defendant is aware of the above facts, and has sought to wrongfully capitalize on MacNeil's fine reputation and goodwill by advertising, promoting and selling, and/or causing such marketing its Infringing Products which is an intentional attempt to copy and/or create a colorable imitation of MacNeil's trade dress.   As a result of Defendant's wrongful conduct, Defendant is able to free-ride off of MacNeil's substantial investment and hard work by causing confusion among consumers in the marketplace and attempting to identify or associate their Infringing Products with MacNeil's product and/or confuse consumers that this is the case.

32.     MacNeil has been, is, and will continue to be damaged by the Defendant's actions and MacNeil does not have an adequate remedy at law.   Defendant's actions have damaged, and will continue to damage, MacNeil's business, market, reputation and goodwill.

33.     Defendant unjustly has received the benefit of MacNeil's substantial investment in its distributors and support thereof, and free-ridden off of MacNeil's trade dress, hard-earned goodwill and fine reputation.

34.     Defendant has been unjustly enriched.

35.     It would violate the principles of justice, equity and good conscience for Defendant to retain this benefit.

36.     To avoid an unjust enrichment, MacNeil should be awarded damages reflecting Defendant's enrichment, among other relief.

WHEREFORE, MacNeil prays for entry of judgment in its favor and against Defendant as follows:

A.     Enter a permanent injunction restraining and enjoining Defendant and all of its agents, servants, employees, successors and assigns, and all persons in active concert or participation with Defendant, from

> 1)     Selling, marketing, advertising, importing or purchasing the Infringing Products as detailed in this Complaint;
>
> 2)     Unfairly competing with MacNeil; and
>
> 3)     Causing a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of their products or as to any affiliation, connection or association of them with or approval of said products by MacNeil, or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to MacNeil.

B.     An Order requiring Defendant to file with this Court and serve upon MacNeil within 30 days after the entry of the permanent injunction a report, in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the above subparagraph (A) of this prayer;

C.     An award to MacNeil of all profits received by Defendant from the sales and revenues of any kind made as a result of Defendant's sales of its Infringing Products, damages, to be determined, that MacNeil has suffered as a result of Defendant's conduct, and the costs of this litigation; and

D.     Grant MacNeil such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT III – FEDERAL UNFAIR COMPETITION

37.     MacNeil reasserts and incorporates by reference the allegations of their First Amended Complaint at paragraphs 1 through 36 as if fully set forth herein.

38.     Defendant has intentionally and willfully adopted and are using in interstate commerce in connection with the advertising, promotion, exportation and importation, and sale of the Infringing Products, a floor tray product that is intended by Defendant to be substantially similar to, and a colorable imitation of, the distinctive MacNeil trade dress.

39.     Defendant's unlawful adoption and use, in interstate commerce, of such a colorable imitation of MacNeil's trade dress without authorization of MacNeil is likely to cause confusion, to cause mistake and/or to deceive.

40.     Through the promotion, marketing, exportation and importation, advertising and sale of such a confusingly similar product appearance, Defendant has unlawfully simulated, appropriated and infringed MacNeil's rights and its proprietary trade dress.  Such conduct and appropriation constitute a false description or representation of MacNeil's trade dress or a false designation of origin in violation of 15 U.S.C. § 1125(a).

41.     MacNeil has been, is, and will continue to be damaged by the Defendant's actions and MacNeil does not have an adequate remedy at law.  Defendant's actions have damaged, and will continue to damage, MacNeil's business, market, reputation and goodwill.

WHEREFORE, MacNeil prays for entry of judgment in its favor and against Defendant as follows:

A.     Enter a permanent injunction restraining and enjoining Defendant and all of its agents, servants, employees, successors and assigns, and all persons in active concert or participation with Defendant, from

    1)     Selling, marketing, advertising, importing or purchasing the Infringing Products as detailed in this Complaint;

    2)     Unfairly competing with MacNeil; and

    3)     Causing a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of their products or as to any affiliation, connection or association of them with or approval of said products by MacNeil, or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to MacNeil.

B.     An Order, under 15 U.S.C. §§ 1116 and 1118, requiring Defendant (including their employees and agents) to deliver to MacNeil or requiring destroyed, all infringing floor trays of Defendant, all molds and tooling for manufacturing such floor trays or liners, and all promotional and packaging materials related to Defendant's infringing floor trays.

C.     An Order, pursuant to 15 U.S.C. § 1116, requiring Defendant to file with this Court and serve upon MacNeil within 30 days after the entry of the permanent injunction a report, in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the above two subparagraphs (A and B) of this prayer.

D.	An award to MacNeil, under 15 U.S.C. § 1117, of all profits received by Defendant from the sales and revenue of any kind made as a result of Defendant's sales of its infringing floor tray products, damages, to be determined, that MacNeil has suffered as a result of Defendant's conduct and find that, due to the flagrant and deliberate character of such infringement and unfair competition, any such damages shall be trebled, and the costs of this litigation and find this case to be an exceptional case and therefore grant MacNeil its attorneys' fees in pursuing this litigation; and

E.	Grant MacNeil such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT IV – ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

42.	MacNeil reasserts and incorporates by reference the allegations of their First Amended Complaint at paragraphs 1 through 41 as if fully set forth herein.

43.	Defendant's knowing and willful copying and colorable imitation of MacNeil's trade dress is intended by Defendant to allow it to free-ride on MacNeil's substantial investment in its trade dress and the hard-earned goodwill and excellent reputation of MacNeil's WeatherTech® floor tray product.

44.	Defendant's knowing and continued sales of its Infringing Products to unsuspecting Illinois consumers has created a substantial likelihood of confusion and caused mistake and deception in Illinois consumers' minds because the Infringing Products are inferior to, and not the same as, MacNeil's WeatherTech® floor tray product.

45.	The above-described knowing and willful conduct constitutes deceptive trade practices within the meaning of Section 2 of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

46.     Defendant's unlawful adoption and use, in interstate commerce, of such a colorable imitation of MacNeil's trade dress without authorization of MacNeil is likely to cause confusion, to cause mistake and/or to deceive.

47.     Through the promotion, exportation and importation, advertising, marketing and sale of such a confusingly similar product appearance, Defendant has unlawfully simulated, appropriated and infringed MacNeil's rights and its proprietary trade dress.

48.     MacNeil has been, is, and will continue to be damaged by the Defendant's actions and MacNeil does not have an adequate remedy at law.  Defendant's actions have damaged, and will continue to damage, MacNeil's business, market, reputation and goodwill.

WHEREFORE, MacNeil prays for entry of judgment in its favor and against Defendant as follows:

A.     Enter a permanent injunction restraining and enjoining Defendant and all of its agents, servants, employees, successors and assigns, and all persons in active concert or participation with Defendant, from

> 1)     Selling, marketing, advertising, importing or purchasing the Infringing Products as detailed in this Complaint;
>
> 2)     Unfairly competing with MacNeil; and
>
> 3)     Causing a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of their products or as to any affiliation, connection or association of them with or approval of said products by MacNeil, or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to MacNeil.

B.     An Order requiring Defendant to file with this Court and serve upon MacNeil within 30 days after the entry of the permanent injunction a report, in writing and under oath,

setting forth in detail the manner and form in which Defendant has complied with the above subparagraph (A) of this prayer;

C.      An award to MacNeil of all profits received by Defendant from the sales and revenues of any kind made as a result of Defendant's sales of their Infringing Products, damages, to be determined, that MacNeil has suffered as a result of Defendant's conduct, and the costs of this litigation; and

D.      Grant MacNeil such other and further relief as the Court may deem just, proper and equitable under the circumstances.

**COUNT V – ILLINOIS CONSUMER**
**FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**

49.      MacNeil reasserts and incorporates by reference the allegations of their First Amended Complaint at paragraphs 1 through 48 as if fully set forth herein.

50.      In violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, Defendant has engaged in at least the following unfair and/or deceptive acts or practices:

      a)      By its use of an infringing product, namely the Infringing Products, Defendant has confused consumers as to the origins of the Infringing Products and falsely attempted to represent that the Infringing Products has some relation to MacNeil; and

      b)      Other false statements and misrepresentations, concealments, suppressions or omissions according to proof.

51.      Defendant intended for consumers to suffer confusion and to misrepresent the source of its Infringing Products.

52.      Defendant's unfair and deceptive acts and practices occurred in the normal course of trade or commerce.

53.      Through its unfair and deceptive acts and practices, Defendant has harmed MacNeil and American and Illinois consumers of its Infringing Products.

WHEREFORE, MacNeil prays for entry of judgment in its favor and against Defendant as follows:

A.      Enter a permanent injunction restraining and enjoining Defendant and all of its agents, servants, employees, successors and assigns, and all persons in active concert or participation with Defendant, from

       1)      Selling, marketing, advertising, importing or purchasing the Infringing Products as detailed in this Complaint;

       2)      Unfairly competing with MacNeil; and

       3)      Causing a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of their products or as to any affiliation, connection or association of them with or approval of said products by MacNeil, or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to MacNeil.

B.      An Order requiring Defendant to file with this Court and serve upon MacNeil within 30 days after the entry of the permanent injunction a report, in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the above subparagraph (A) of this prayer;

C.      An award to MacNeil of all profits received by Defendant from the sales and revenues of any kind made as a result of Defendant's sales of its Infringing Products, damages, to be determined, that MacNeil has suffered as a result of Defendant's conduct, and the costs of this litigation;

D.      An award to MacNeil for its costs and attorneys' fees for this litigation; and

E.      Grant MacNeil such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT VI – PATENT INFRINGEMENT OF U.S. PATENT NO. 8,382,186

54.     MacNeil reasserts and incorporates by reference the allegations of their First Amended Complaint at paragraphs 1 through 53 as if fully set forth herein.

55.     Upon information and belief, without the consent of MacNeil, Defendant has marketed, used, offered for sale, sold and/or imported Infringing Products which directly and/or indirectly infringe at least one claim of the '186 Patent, including Claim 1.

56.     Upon information and belief, without the consent of MacNeil, Defendant has committed acts that constitute inducement of infringement of at least one claim of the '186 Patent by others through its acts of importing, offering to sell and/or selling Infringing Products.

57.     As a direct and proximate result of Defendant's direct or indirect infringement and/or inducement to infringe the '186 Patent, MacNeil has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which MacNeil is entitled to relief.

58.     Upon information and belief, Defendant's direct infringement, indirect infringement and/or inducement to infringe the '186 Patent has been and continues to be willful and deliberate.

WHEREFORE, MacNeil prays for entry of judgment in its favor and against Defendant as follows:

A.     Enter judgment that Defendant has directly infringed the '186 patent;

B.     Enter judgment that Defendant has induced others to infringe the '186 patent;

C.     Enter judgment that Defendant has willfully infringed the '186 patent;

D.     Enter judgment that this case is found to be an "exceptional case" under 35 U.S.C. § 285;

E.     Enter a permanent injunction, pursuant to 35 U.S.C. § 283, restraining and enjoining Defendant and its respective officers, agents, servants, employees, attorneys, customers and those in concert or participation with Defendant from any further marketing or sales of the Infringing Products and any other infringement of the '186 patent, whether direct or indirect;

F.     Enter judgment ordering Defendant to compensate MacNeil for Defendant's infringement of the '186 patent pursuant to 35 U.S.C. § 284;

G.     Enter a judgment ordering Defendant to pay enhanced damages pursuant to 35 U.S.C. § 284;

H.     Enter a judgment for an award of pre-judgment and post-judgment interest and costs to MacNeil pursuant to 35 U.S.C. § 284;

I.     Enter a judgment for an award of Plaintiff's reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

J.     Enter a permanent injunction pursuant to 35 U.S.C. § 283, restraining and enjoining Defendant and its respective officers, agents, servants, employees, attorneys, customers and those in concert or participation with Defendant, from offering for sale or selling the Infringing Products, and requiring destruction of all molds and tooling related to the Infringing Products; and

K.     Grant MacNeil such other and further relief as the Court may deem just, proper and equitable under the circumstances.

### COUNT VII – PATENT INFRINGEMENT OF U.S. PATENT NO. 8,833,834

59.     MacNeil reasserts and incorporates by reference the allegations of their First Amended Complaint at paragraphs 1 through 58 as if fully set forth herein.

60. Upon information and belief, without the consent of MacNeil, Defendant has marketed, used, offered for sale, sold and/or exported or caused to be exported Infringing Products which directly and/or indirectly infringe at least one claim of the '834 Patent.

61. Upon information and belief, without the consent of MacNeil, Defendant has made, used, offered for sale and/or exported or caused to be exported Products that contributorily infringe at least one claim of the '834 Patent, in that the Products were especially made or specially adapted for use in the claimed invention, and not staple articles of commerce suitable for substantial noninfringing use.

62. Upon information and belief, at least one claim of the '834 Patent is and has been infringed by each downstream consumer of each Product, when such consumer installs the Product into a vehicle foot well for which such Product was specially designed and made.

63. Upon information and belief, without the consent of MacNeil, Defendant has committed acts that constitute inducement of infringement of at least one claim of the '834 Patent by others through their acts of making, importing, offering to sell and/or selling Infringing Products. Defendant's SKUs for the 2016 Honda Accord, Honda CRV, 2019 Ford Escape, 2019 Ford Fusion and Jeep Wrangler indirectly infringe at least claims 1; 5; and 9 of the '834 Patent. On information and belief, upon further examination of other SKUs, said products may so infringe as well.

64. As a direct and proximate result of Defendant's direct infringement, contributory infringement, indirect infringement and/or inducement to infringe the '834 Patent, MacNeil has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which MacNeil is entitled to relief.

65. Upon information and belief, Defendant's direct infringement, contributory infringement, indirect infringement and/or inducement to infringe the '834 Patent has been and continues to be willful and deliberate.

WHEREFORE, MacNeil prays for entry of judgment in its favor and against Defendant as follows:

A. Enter judgment that Defendant has directly or indirectly infringed the '834 patent;

B. Enter judgment that Defendant has induced others to infringe the '834 patent;

C. Enter judgment that Defendant has willfully infringed the '834 patent;

D. Enter judgment that this case is found to be an "exceptional case" under 35 U.S.C. § 285;

E. Enter a permanent injunction, pursuant to 35 U.S.C. § 283, restraining and enjoining Defendant and its respective officers, agents, servants, employees, attorneys, customers and those in concert or participation with Defendant from any further sales of the Infringing Products and any other infringement of the '834 patent, whether direct or indirect;

F. Enter judgment ordering Defendant to compensate MacNeil for Defendant's infringement of the '834 patent pursuant to 35 U.S.C. § 284;

G. Enter a judgment ordering Defendant to pay enhanced damages pursuant to 35 U.S.C. § 284;

H. Enter a judgment for an award of pre-judgment and post-judgment interest and costs to MacNeil pursuant to 35 U.S.C. § 284;

I. Enter a judgment for an award of Plaintiff's reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

J.     Enter a permanent injunction pursuant to 35 U.S.C. § 283, restraining and enjoining Defendant and its respective officers, agents, servants, employees, attorneys, customers and those in concert or participation with Defendant, from offering for sale or selling the Infringing Products, and requiring destruction of all molds and tooling related to the Infringing Products; and

K.     Grant MacNeil such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## JURY TRIAL DEMAND

MacNeil hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

MACNEIL AUTOMOTIVE PRODUCTS
LIMITED

Dated: January 17, 2020          By:     _____/s/ Robert S. Grabemann_____
                                                      One of Its Attorneys

Robert S. Grabemann
*rgrabemann@daspinaument.com*
Timothy M. Schaum
*tschaum@daspinaument.com*
DASPIN & AUMENT, LLP
300 South Wacker Drive
Suite 2200
Chicago, Illinois 60606
(312) 258-1600

<u>**CERTIFICATE OF SERVICE**</u>

        The undersigned, an attorney, hereby certifies that he caused a copy of the foregoing FIRST AMENDED COMPLAINT via the Court's efiling ECF system, on or about the 17th day of January, 2020 on:


Bryan P. Sugar
William W. Mauke (*pro hac vice*)
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60601
P:  312-345-1718
F:  312-345-1778
Bryan.Sugar@lewisbrisbois.com
william.mauke@lewisbrisbois.com


                                                      /s/ Timothy M. Schaum