UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MacNEIL AUTOMOTIVE PRODUCTS LIMITED d/b/a WEATHERTECH; and MacNEIL IP LLC,

Plaintiffs,

v.

YITA, LLC d/b/a Oedro or YitaMotor,

Defendant.

C20-278 TSZ

MacNEIL AUTOMOTIVE PRODUCTS LIMITED d/b/a WEATHERTECH; and MacNEIL IP LLC,

Plaintiffs,

v.

JINRONG (SH) AUTOMOTIVE ACCESSORY DEVELOPMENT CO., LTD.; and RUI DAI,

Defendants.

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)     Defendants' renewed motion to dismiss, docket no. 90, is DENIED.  By Minute Order entered May 4, 2022, docket no. 87, the Court consolidated for pretrial purposes Case Nos. C20-278 and C20-856.  Prior to the consolidation, the Court denied a summary judgment motion brought in Case No. C20-856 by defendant Jinrong (SH) Automotive Accessory Development Co., Ltd. ("Jinrong").  *See* Order (C20-856, docket no. 187).  With regard to the infringement claims relating to U.S. Patent Nos. 8,382,186 (the "'186 Patent") and 8,833,834 (the "'834 Patent") asserted by plaintiffs MacNeil

MINUTE ORDER - 1

Automotive Products Limited and MacNeil IP LLC (collectively, "MacNeil"), the Court held that it has both subject matter and personal jurisdiction, and concluded that genuine disputes of material fact exist concerning whether Jinrong induced direct infringement by third parties of the '186 and '834 Patents.  <u>Id.</u> at 7–13.  MacNeil then sought and was granted leave to file a Second Amended Complaint in Case No. C20-856, which included additional factual allegations and two new infringement claims involving U.S. Patent Nos. 8,899,655 (the "'655 Patent") and 9,138,917 (the "'917 Patent").  <u>See</u> Minute Order (C20-856, docket no. 197); <u>see also</u> 2d Am. Compl. (C20-856, docket no. 198).  Jinrong moved to dismiss the new infringement claims, but in light of Jinrong's recurring and unilateral renoting of its motion and delays in producing samples of accused products, the motion was stricken without prejudice.  <u>See</u> Minute Order (C20-856, docket no. 209). After consolidation, MacNeil filed a Second Amended Complaint in Case No. C20-278, which restated the previously pleaded claims against defendant Yita, LLC ("Yita"),[1] namely violation of the Lanham Act and two Illinois statutes, unfair competition, unjust enrichment, and infringement of the '186 and '834 Patents, and added infringement claims relating to the '655 and '917 Patents.  <u>See</u> 2d Am. Compl. (C20-278, docket no. 89).  Consistent with the Court's instructions, <u>see</u> Minute Order at ¶¶ 2 & 3 (docket no. 87), Jinrong's renewed motion to dismiss the Second Amended Complaint in Case No. C20-856 has been consolidated with Yita's motion to dismiss the Second Amended Complaint in Case No. C20-278, and the Court's now rules as follows:

      (a)    <u>Jinrong's Motion</u>

The new claims of the Second Amended Complaint are adequately pleaded.  Both patents-in-suit disclose a process for manufacturing a vehicle floor tray.  <u>See</u> '655 Patent at 19:46 (C20-856, docket no. 193-2); '917 Patent at 19:44 (C20-856, docket no. 193-2).  The Second Amended Complaint alleges that Jinrong "imported into the United States, and has offered to sell and has sold within the United States," products made using the patented processes.  2d Am. Compl. at ¶¶ 68 & 73 (C20-856, docket no. 198).  It further alleges that Jinrong induced others to import, offer to sell, or sell products made using the patented processes.  <u>Id.</u> at ¶¶ 69 & 74.  Jinrong asserts that it cannot be both an exporter based in China and an importer based in the United States, and that the allegations of the Second Amended Complaint are inconsistent.  A party may, however, plead contradictory claims or defenses.  See Fed. R. Civ. P. 8(d)(3).  Jinrong also contends that its attendance at U.S. tradeshows and listings on Alibaba.com do not constitute evidence of offers to sell.  This argument ignores the Court's earlier order concerning reasonable inferences to be drawn from Jinrong's interaction with tradeshow participants, <u>see</u> Order at 11–13

---

[1] In Case No. C20-278, MacNeil named LED Kingdomus as a defendant, but the Second Amended Complaint contains no allegations against LED Kingdomus and pleads its claims against Yita as the sole defendant.  The Clerk is DIRECTED to terminate LED Kingdomus as a defendant effective May 18, 2022, the date the Second Amended Complaint was filed.

MINUTE ORDER - 2

(C20-856, docket no. 187), and disregards the contents of the Alibaba postings attached to the original complaint, see Ex. 2 to Compl. (C20-856, docket no. 1-2).  An offer to sell "need not be formal," and a website containing "a detailed description of the allegedly infringing product and the product's price" might constitute an "offer to sell."  *Baden Sports, Inc. v. Kabushiki Kaisha Molten (dba Molten Corp.)*, No. C06-210, 2007 WL 2056402, at *5 (W.D. Wash. July 16, 2007).  Moreover, an offer made through a foreign website like Alibaba.com to U.S. customers can violate § 271(a) and/or § 271(g) of the Patent Act.[2]  See id. at *7.  Jinrong further suggests that it cannot be held liable for inducement under § 271(b)[3] of the Patent Act because any "direct infringement," which Jinrong defines as practicing the patented processes, occurred outside the United States.  This reasoning is flawed.  As explained by the Federal Circuit in *Syngenta Crop Protection, LLC v. Willowood, LLC*, 944 F.3d 1344 (Fed. Cir. 2019), although § 271(a) limits direct infringement, in the context of patented processes, to situations in which a single entity performs, within the United States, all of the steps of the claimed method, § 271(g) indicates that direct infringement occurs when an entity imports, offers to sell, sells, or uses within this country a product that was made by a patented process, even if several entities were involved in practicing the patented process abroad.  See id. at 1359–64.  Thus, regardless of where the patented processes were used, Jinrong can be liable for inducement if it actively encouraged others to import, offer to sell, sell, or use within the United States the products that were manufactured in China (or elsewhere) via the patented method.  The Second Amended Complaint in Case No. C20-856 remains the operative pleading against Jinrong, and Jinrong shall file a responsive pleading, in Case No. C20-278, within fourteen (14) days of the date of entry of this Minute Order.  See Fed. R. Civ. P. 12(a)(4)(A).

        (b)    Yita's Motion

Yita moves to dismiss MacNeil's various state law claims, but does not challenge the sufficiency of the operative pleading with respect to the Lanham Act (trade dress infringement) claim or the patent infringement claims.  See Defs.' Mot. at 2–3 (docket

---

[2] Section 271(a) of the Patent Act provides:  "Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."  35 U.S.C. § 271(a).  Section 271(g) indicates, in relevant part: "Whoever without authority imports into the United States or offers to sell, sells, or uses within the United States a product which is made by a process patented in the United States shall be liable as an infringer, if the importation, offer to sell, sale, or use of the product occurs during the term of such process patent."  Id. at § 271(g).

[3] Section 271(b) states:  "Whoever actively induces infringement of a patent shall be liable as an infringer."  35 U.S.C. § 271(b).  Liability for inducement must be predicated on a direct infringement.  *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 920–21 (2014).

MINUTE ORDER - 3

no. 90). MacNeil's claims under the Illinois Uniform Deceptive Trade Practices Act ("IDTPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") are based on the same factual allegations as its Lanham Act claim, namely that Yita has infringed MacNeil's protected trade dress. Because Yita does not dispute that the Lanham Act claim is adequately pleaded, its motion to dismiss the IDTPA and ICFA[4] claims must be denied. See BlueStar Mgmt. LLC v. The Annex Club, LLC, No. 09 C 4540, 2010 WL 2802213, at *8 (N.D. Ill. July 12, 2010) (indicating that "the legal inquiry is the same under the Lanham Act as under the Consumer Fraud Act and the Deceptive Trade Practices Act"). With regard to MacNeil's unfair competition claim under Illinois common law, Yita asserts that MacNeil must plead facts showing that this matter is among the "most egregious of cases," but the decision cited by Yita makes clear that the "egregious" standard applies under New York, not Illinois, law, and that Illinois courts have "not specifically enumerated the requisite elements" of a common law claim. Id. at *9. MacNeil's unfair competition claim appears to be co-extensive with its claim under the IDTPA, but the Court does not view such duplication as a basis, standing alone, for dismissal at this stage of the litigation. Likewise, MacNeil's unjust enrichment claim represents yet another legal theory premised on the same underlying facts as the other state law claims, and the authority that Yita cites as support for dismissal acknowledges that the Illinois Supreme Court has "recognize[d] unjust enrichment as an independent cause of action." See Cleary v. Philip Morris Inc., 656 F.3d 511, 516 (7th Cir. 2011). To the extent, however, that unjust enrichment is merely a means of recovery, which must be tethered to an underlying claim, as suggested in an Illinois Appellate Court decision, then it must "stand or fall with the related claim." Id. at 517. The Court need not decide at this juncture whether unjust enrichment is a standalone claim or a remedial mechanism linked to MacNeil's other state law claims; the Second Amended Complaint provides ample notice to Yita of the nature of MacNeil's plausible claim and the relief it seeks, which is all that Federal Rule of Civil Procedure 8(a) requires. See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Whether MacNeil can carry its burden of proof is a question for another day. The Second Amended Complaint in Case No. C20-278 remains the operative pleading against Yita, which shall file a responsive pleading within fourteen (14) days of the date of entry of this Minute Order. See Fed. R. Civ. P. 12(a)(4)(A).

(2) Yita's motion to strike, docket no. 90, portions of the Second Amended Complaint, specifically ¶¶ 35–69, on the ground that they relate to "immaterial, impertinent, or scandalous matter," see Fed. R. Civ. P. 12(f), is DENIED. Far from being immaterial, these allegations are relevant to the relationship between Yita and Jinrong, the manufacturer of the accused products, and are also set forth in the operative pleading

---

[4] Yita argues that MacNeil cannot bring an ICFA claim because it is not a consumer of Yita's products, but the opinion on which Yita relies concerns claims under the ICFA for "commercial disparagement" by a competitor, see Allcare, Inc. v. Bork, 531 N.E.2d 1033, 1039–40 (Ill. App. Ct. 1988), and not trade dress infringement, which inherently relates to consumers and whether they might be confused as to the origin of the goods at issue.

MINUTE ORDER - 4

against Jinrong.  The asserted facts are not impertinent or scandalous, but rather based, in part, on information learned during jurisdictional discovery in Case No. C20-856.  To the extent that Yita indeed lacks knowledge sufficient to form a belief about the truth of these allegations, it may so state in its answer.  See Fed. R. Civ. P. 8(b)(5).

(3)     Counsel for Jinrong (and Yita) has, by declaration, indicated that the login credentials for the Alibaba.com account created in Jinrong's name (by an employee of Shanghai Shengtian Industrial Development Company, Ltd.) have been restored.  See Walters Decl. at ¶ 2 (docket no. 97).  Counsel seems to suggest, however, that materials from the Alibaba.com account have not yet been disclosed to MacNeil, see id. at ¶¶ 3–4, despite the Court's admonition almost a year ago that, "[i]f Jinrong persists in failing to engage in the requisite good faith efforts to produce the requested Alibaba.com records, the Court will consider appropriate sanctions, including, but not limited to, an adverse-inference jury instruction," see Order at 15 n.12 (C20-856, docket no. 187).  Jinrong is DIRECTED to provide to MacNeil, as soon as possible and no later than September 2, 2022, all responsive records and information related to the Alibaba.com account.

(4)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 4th day of August, 2022.

> Ravi Subramanian
> Clerk
>
> s/Gail Glass
> Deputy Clerk

MINUTE ORDER - 5