UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MacNEIL AUTOMOTIVE PRODUCTS LIMITED d/b/a WEATHERTECH; and MacNEIL IP LLC,

      Plaintiffs,

  v.

YITA, LLC d/b/a Oedro or YitaMotor,

      Defendant.

MacNEIL AUTOMOTIVE PRODUCTS LIMITED d/b/a WEATHERTECH; and MacNEIL IP LLC,

      Plaintiffs,

  v.

JINRONG (SH) AUTOMOTIVE ACCESSORY DEVELOPMENT CO., LTD.; and RUI DAI,

      Defendants.

C20-278 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiffs' unopposed motion to seal, docket no. 155, is GRANTED. The unredacted versions of plaintiffs' supplemental brief, docket no. 159, the Declaration of Ryan Granger, docket no. 160, and the Declaration of Drew E. Voth, docket no. 160, shall remain under seal.

(2) Plaintiffs' request for leave to submit additional briefing, docket no. 166, is DENIED.

MINUTE ORDER - 1

(3) Having reviewed the briefing[1] and other materials submitted by the parties pursuant to the Minute Order entered July 25, 2023, docket no. 154, the Court DIRECTS defendants to either post a bond or deposit funds into the Registry of the Court in the principal amount of $200,000.[2] Acceptable forms of deposit into the Registry of the Court are cashier's or business checks. *See* Local Civil Rule 67(a). Funds deposited into the Registry of the Court will be invested in the Court Registry Investment System, an interest-bearing account, in accordance with the guidelines set up by the Administrative Office of the Court and approved by the Court. *See* Local Civil Rule 67(b). If a bond is not posted or funds are not deposited into the Registry of the Court by October 31, 2023, the Court will entertain a motion to lift the stay of this matter and return the case to the active docket.

(4) The parties are DIRECTED to file a Joint Status Report within fourteen (14) days after the Supreme Court rules on MacNeil IP LLC's petition for writ of certiorari, within fourteen (14) days after the Patent Trial and Appeal Board issues a decision regarding either of the related inter partes review proceedings, or by July 1, 2024, whichever occurs earlier.

(5) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 3rd day of October, 2023.

Thomas S. Zilly
United States District Judge

---

[1] Contrary to defendants' contention, the Court concludes that it has authority to require a bond as a condition of a stay pending inter partes review matters pending before the Patent Trial and Appeal Board. *See Plasmart Inc. v. Wincell Int'l Inc.*, No. 05 Civ. 10745, 2008 WL 4107464 (S.D.N.Y. Sep. 2, 2008). The Court also disagrees with defendants that Washington's statute relating to prejudgment attachment, RCW Chapter 6.25, governs; the Court is not issuing a writ of attachment, but rather is merely imposing a condition of the stay requested by defendants.

[2] The Court concludes that the range of bond amounts proposed by plaintiff ($25-to-$50 million) is not reasonable in light of the procedural posture of this case and the weak showing by plaintiff that one defendant is underfunded or undercapitalized and the other defendant has no assets outside of China. The Court has instead computed the average annual royalty rate reflected in the settlements that plaintiff has previously reached with other entities concerning the licensing of similar or related intellectual property, *see* Exs. C & D to West Decl. (docket no. 165), and has set the bond amount at such average rate (roughly $100,000 per year) for two years.