1

2

3                    UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF WASHINGTON
4                              AT SEATTLE

5    MacNEIL AUTOMOTIVE PRODUCTS
     LIMITED d/b/a WEATHERTECH; and
6    MacNEIL IP LLC,

7                        Plaintiffs,                        C20-278 TSZ

8           v.

9    YITA, LLC d/b/a Oedro or YitaMotor,

10                       Defendant.

11   MacNEIL AUTOMOTIVE PRODUCTS
     LIMITED d/b/a WEATHERTECH; and
12   MacNEIL IP LLC,

13                       Plaintiffs,                        MINUTE ORDER

14          v.

15   JINRONG (SH) AUTOMOTIVE
     ACCESSORY DEVELOPMENT CO.,
16   LTD.; and RUI DAI,

17                       Defendants.

18          The following Minute Order is made by direction of the Court, the Honorable
     Thomas S. Zilly, United States District Judge:

19          (1)     In their Joint Status Report filed on December 22, 2023, docket no. 169, the
20   parties indicated that plaintiff MacNeil IP LLC's petition for writ of certiorari was denied
     by the United States Supreme Court.  As a result, the decision of the United States Court
21   of Appeals for the Federal Circuit in *Yita LLC v. MacNeil IP LLC*, 69 F.4th 1356 (Fed.
     Cir. 2023), which invalidated all seven (7) claims of United States Patent No. 8,382,186
22   ("'186 Patent"), but rejected challenges to the validity of Claims 1–12 of United States
     Patent No. 8,833,834 ("'834 Patent"), is final.  In the parties' Joint Status Report, docket

23

no. 169, defendants asserted that they are entitled to judgment on plaintiffs' claim of infringement relating to the '186 Patent.  Plaintiffs countered that infringement has not been adjudicated and, thus, plaintiffs should be entitled to voluntarily dismiss their claim. The Court concludes that, given the Federal Circuit's invalidation of the '186 Patent, plaintiffs' infringement claim is now moot, and the Court lacks Article III jurisdiction to enter judgment in defendants' favor.  The infringement claim relating to the '186 Patent, Count VI of the Second Amended Complaint (docket no. 89), is DISMISSED.

(2)     Having reviewed the parties' Joint Status Report filed on June 20, 2024, docket no. 171, advising that the United States Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB") has issued final written decisions in inter partes review ("IPR") proceedings involving two other patents-in-suit in this matter, namely United States Patents Nos. 8,889,655 ("'655 Patent") and 9,138,917 ("'917 Patent"), the Court DIRECTS the parties to file another Joint Status Report on or before August 12, 2024, addressing the following issues:

      (a)     Whether plaintiff MacNeil IP LLC has sought rehearing or filed notices of appeal concerning the PTAB's decisions in the IPR proceedings relating to the '655 Patent and/or '917 Patent;

      (b)     Regardless of the answer to the inquiry in Paragraph 2(a), whether the Court should lift the stay in this matter and set a trial date with respect to the state law and trade dress claims (Counts I–V), as well as the infringement claim involving the '834 Patent (Count VII); and

      (c)     Regardless of whether the parties agree that a trial date should be set, whether the parties have any scheduling conflicts with a trial date in late May or early June 2025.

(3)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 3rd day of July, 2024.


Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk