UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MacNEIL AUTOMOTIVE PRODUCTS LIMITED d/b/a WEATHERTECH; and MacNEIL IP LLC,

Plaintiffs,

v.

YITA, LLC d/b/a Oedro or YitaMotor; and JINRONG (SH) AUTOMOTIVE ACCESSORY DEVELOPMENT CO., LTD.,

Defendants.

C20-0278 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)    The motion to compel, docket no. 208, brought by defendant Yita, LLC d/b/a Oedro or YitaMotor ("Yita"), which was presented as a joint submission pursuant to Local Civil Rule 37(a)(2), is GRANTED in part and DENIED in part, as follows:

(a)    Yita seeks "a full and complete written response . . . without objection" to Interrogatory No. 13, see LCR 37 Submission at 2 (docket no. 208), which was propounded in Yita's first set of interrogatories, and which demanded that plaintiffs MacNeil Automotive Products Limited d/b/a WeatherTech and MacNeil IP LLC (collectively, "MacNeil")

> [i]dentify and describe in detail each offer, discussion, negotiation, draft agreement, and agreement to license, sublicense, covenant not to sue, sell, assign, impede, or transfer any rights in the

MINUTE ORDER - 1

> MacNeil Trade Dress, any allegedly protected element thereof, the '834 patent [*i.e.*, U.S. Patent No. 8,833,834], any invention described therein, any Related Patent, any Related Application, or any other trade dress or mark allegedly owned by MacNeil . . . , including, but not limited to, an identification of the persons involved, a detailed description of the material terms or proposed material terms of any license, sublicense, covenant not to sue, sale, assignment, or transfer, and an identification of all documents relating to any of the foregoing.

Ex. 4 to Walters Decl. (docket no. 209 at 67). The Court is satisfied that MacNeil has produced the various agreements between and among the related entities that are owned and/or controlled by David MacNeil, including plaintiffs in this action, MNAPL Holdings, LLC, and WeatherTech Direct, LLC. MacNeil, however, is DIRECTED to supplement its response to Yita's Interrogatory No. 13 as follows:

> (i)    In general, the aforementioned documents describe the various license fees as "$10, the mutual covenants contained [in the agreement] and other good and valuable consideration." *See*, *e.g.*, Ex. 16 to Walters Decl. (docket no. 209 at 175, 176, 178, & 179). MacNeil is DIRECTED to disclose the "other good and valuable consideration," if any, transferred from one related entity to another as a license fee[1] for the trade dress, trademarks, patents, or patent applications referenced in Yita's Interrogatory No. 13, or to affirmatively state that no license fee other than the $10 recited in the particular agreement was owed or paid;

> (ii)    MacNeil shall further supplement its response to Yita's Interrogatory No. 13 by identifying and summarizing the terms of any license, sublicense, covenant not to sue, sale, assignment, or transfer, including any settlement agreement containing a license, sublicense, or covenant not to sue, with or to any third party (*i.e.*, any entity not owned or controlled by David MacNeil) concerning the trade dress, trademarks, patents, or patent applications referenced in Yita's Interrogatory No. 13; and

> (iii)    MacNeil shall serve its supplemental response on counsel for Yita on or before May 27, 2025.

---

[1] If the license fees are segregable, MacNeil shall provide the information in tabular form, with the amounts listed by year, licensing agreement, intellectual property, and/or other type of data, as kept or tracked in the ordinary course of MacNeil's business.

MINUTE ORDER - 2

   (b) Yita's motion to compel is otherwise DENIED.  Whether specific evidence should be excluded from trial as a sanction for a discovery violation is more appropriately raised in a motion in limine.  The Court declines to preclude MacNeil from asserting or maintaining its objections to Yita's Interrogatory No. 13 or amending or supplementing its discovery responses.  The Court further declines to award attorney's fees or costs to either side in connection with Yita's motion to compel.

 (2) MacNeil's motion to compel, docket no. 211, which was presented as a joint submission pursuant to Local Civil Rule 37(a)(2),[2] is also GRANTED in part and DENIED in part, as follows:

   (a) Yita is DIRECTED to produce responsive documents on or before May 27, 2025, as follows:

     (i) <u>Requests for Production ("RFPs") Nos. 6, 48, & 52</u>:  Yita shall produce copies of any marketing reports and/or plans, as well as all advertising materials, that were created or used during the years 2017 through 2019 and were related to the Accused Products marketed, sold, and/or distributed in the United States;

     (ii) <u>RFPs Nos. 11, 28, 62, & 67</u>:  Yita shall produce copies of any non-privileged responsive documents that relate to the Accused Products and involve or mention the '834 Patent, and Yita shall produce a privilege log for any responsive materials related to the Accused Products that have been withheld on the basis of attorney-client privilege or the work-product doctrine;

---

[2] MacNeil's original motion to compel, docket no. 200, which was stricken by Minute Order entered March 10, 2025, docket no. 205, with direction to the parties to meet and confer and attempt to resolve their discovery disputes, was at best a placeholder; the original motion was one-and-a-half pages in length, did not enumerate the discovery requests that had not been adequately answered, and offered almost no analysis for why it should be granted.  A later-filed declaration, docket no. 201, by MacNeil's counsel, Timothy Schaum of Polsinelli PC, however, provided further context for the original motion, and the Court has considered the exhibits to Schaum's declaration in ruling on MacNeil's renewed motion to compel.  Yita and Jinrong argue that the current motion submitted pursuant to LCR 37 is premature and beyond the scope of the original motion.  The Court would certainly have preferred for the attorneys on both sides to try harder to communicate concerning the deficient discovery responses and for Yita and Jinrong to voluntarily produce what was requested by and owed to MacNeil, but the Court is satisfied that counsel were at an impasse and that MacNeil's renewed motion is ripe for review and sufficiently related to its original motion.

MINUTE ORDER - 3

        (iii)    RFPs Nos. 1, 2, 18, 19, 20, 36, & 64: Yita shall produce copies (with English translations) of any non-privileged DingDing chats or chat room communications, as follows: (A) for the three-year period before this litigation commenced, *i.e.*, from April 12, 2016, to April 12, 2019, any non-privileged DingDing chats or communications that concerned the Accused Products and were between Yita and defendant Jinrong (SH) Automotive Accessory Development Co., Ltd. ("Jinrong") or any of Jinrong's or its affiliated entities' owners, members, managers, employees, or agents; and (B) for the period from April 12, 2016, to the present, any non-privileged DingDing chats or communications in which MacNeil or WeatherTech is mentioned; Yita shall produce a privilege log for any DingDing chats or chat room communications otherwise meeting the above criteria that have been withheld on the basis of attorney-client privilege or the work-product doctrine; and

        (iv)    RFP No. 39: To the extent that Yita has not already done so, it shall produce financial statements that are responsive to this RFP.

    (b)    Jinrong is DIRECTED to produce responsive documents on or before May 27, 2025, as follows:

        (i)    RFPs Nos. 22, 32, 41, 42, 43, 45, 49, 58, & 79: Jinrong shall produce copies (with English translations) of any non-privileged DingDing chats or chat room communications, as follows: (A) for the three-year period before this litigation commenced, *i.e.*, from April 12, 2016, to April 12, 2019, any non-privileged DingDing chats or communications that concerned the Accused Products and were between or among (I) Jinrong and any of its affiliated entities (including owners, members, managers, employees, or agents of Jinrong and/or its affiliated entities), or (II) Jinrong and Yita; and (B) for the period from April 12, 2016, to the present, any non-privileged DingDing chats or communications in which MacNeil or WeatherTech is mentioned; Jinrong shall produce a privilege log for any DingDing chats or chat room communications otherwise meeting the above criteria that have been withheld on the basis of attorney-client privilege or the work-product doctrine; and

        (ii)    RFPs Nos. 64–65, 68–70, 73–76, 84–86, & 88: Jinrong shall provide copies of the following materials: (A) written agreements or summaries of oral agreements with Yita (I) concerning the Accused Products, (II) setting forth distributorship or purchase-and-sale terms and conditions for any product, or (III) relating to this litigation, including any indemnity or joint-defense agreement, to the extent not already produced; (B) financial statements concerning the Accused Products, including quantities sold and gross and net sales figures by year, from 2016 to the

present, as well as the types of Accused Products, quantities, and monetary amounts by year, from 2016 to the present, sold or transferred between Jinrong and Shanghai Shengtian Industrial Development Company, Ltd. ("Shengtian"); (C) any marketing reports and/or plans, as well as all advertising materials, that were created or used during the years 2017 through 2019 and were related to the Accused Products marketed, sold, and/or distributed in the United States; (D) any non-privileged documents created before this litigation commenced (*i.e.*, before April 12, 2019) in which the '834 Patent is mentioned, analysis is set forth regarding whether the Accused Products infringe the '834 Patent, measurements or testing data acquired in the United States and related to the Accused Products are discussed, and/or Jinrong's, Shengtian's, and/or Yita's efforts to design around or avoid infringing MacNeil's alleged trade dress and/or the '834 Patent are described; and (E) any finished drawings, blueprints, or the like that are in Jinrong's possession for tooling that Jinrong has used or created for the purpose of producing the Accused Products; Jinrong shall produce a privilege log for any materials otherwise satisfying the above criteria that have been withheld on the basis of attorney-client privilege or the work-product doctrine.

(c) MacNeil's motion to compel is otherwise DENIED. MacNeil's RFPs are generally overbroad, and the Court has endeavored to appropriately narrow the RFPs that are listed in Paragraph 2(b), above; however, RFPs Nos. 21, 22, 23, and 60 directed to Yita, as well as RFPs Nos. 66, 67, 71, 72, 77, 78, 80, 81, 82, 83, and 87 directed to Jinrong, are not "proportional to the needs of the case," *see* Fed. R. Civ. P. 26(b)(1), and/or they seek information that would be protected by attorney-client privilege or the work-product doctrine.

(d) The Court declines to award attorney's fees or costs to either side in connection with MacNeil's motion to compel.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 6th day of May, 2025.

Ravi Subramanian  
Clerk

s/Laurie Cuaresma  
Deputy Clerk

MINUTE ORDER - 5