UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MacNEIL AUTOMOTIVE PRODUCTS LIMITED d/b/a WEATHERTECH; WEATHERTECH DIRECT, LLC; and MacNEIL IP LLC,<br><br>Plaintiffs,<br><br>v.<br><br>YITA, LLC d/b/a Oedro or YitaMotor; and JINRONG (SH) AUTOMOTIVE ACCESSORY DEVELOPMENT CO., LTD.,<br><br>Defendants. | C20-0278 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on the parties' joint submission of motions in limine, docket nos. 346 and 346-1. Having reviewed the joint submission and related materials, the Court enters the following Order.

## I.   AGREED MOTIONS IN LIMINE

The parties' stipulations, as summarized below, are APPROVED:

1. No argument or evidence shall be offered about defendants' posted bond.

2. Defendants shall not introduce evidence or arguments regarding the invalidity of United States Patents Nos. 8,382,186, 8,899,655, or 9,138,917.

3. Testimony from percipient witnesses that were not disclosed in discovery is excluded, including testimony from plaintiffs' proposed witnesses Sabrah Mecher and Erik Klingenberg.

ORDER - 1

4. The parties shall not use pejorative terms (for example, knock-off, stolen, copycat, pirate, and counterfeit) when referring to the accused products. The parties may use neutral words (for example, copy, replica, likeness, semblance, or version). The parties may raise at the Pretrial Conference whether the term "aped" is objectionable.

5. Statements concerning the fit of a vehicle floor tray in advertisements or manuals (*e.g.*, perfect fit, exact fit, match perfectly) shall not be offered to prove the truth of conformance or knowledge of conformance for purposes of proving infringement of United States Patent No. 8,833,834.

6. The parties shall not offer any evidence or make any argument suggesting that plaintiffs are entitled to recover any damages or other relief in connection with Titanium liners, including sales of the Perfit Liner.

7. The parties shall not make any argument disparaging, attacking the credibility of, or implying an improper motive of any witness who has used or chooses to use an interpreter for presenting testimony. Neither side shall make any argument that suggests the jury should make any assumption about a witness or a party based upon the use of an interpreter to assist that witness or party.

## II.    DISPUTED MOTIONS IN LIMINE

### A. **PLAINTIFFS' MOTIONS**

**1. Plaintiffs' motion to exclude physical floor liners from trial**

Granted _____    Denied  **XXX**    Deferred  **XXX**

Plaintiffs' motion is DENIED in part as to the exclusion of all physical products, and otherwise DEFERRED to the Pretrial Conference. A limited number of sample floor liners or vehicle trays will be permitted, but the exact scope and parameters (*i.e.*, apples-to-apples or make-model-and-year requirements) and whether a limiting instruction will be provided to the jury are DEFERRED.

**2. Plaintiffs' motion to exclude testimony by Warren Harris**

Granted _____   Denied __**XXX**__   Deferred _____

Plaintiffs' motion is DENIED. Plaintiffs' criticisms about how the testing at issue was conducted go to weight, not admissibility. <u>See</u> Order at 22–23 (docket no. 314); <u>see also</u> Minute Order at ¶ 4 (docket no. 320). Plaintiffs may impeach Harris about the level of his involvement in the testing, whether he was able to communicate with defendants' personnel about the protocols, and whether he adequately supervised defendants' personnel and can opine about whether they properly took the measurements at issue.

**3. Plaintiffs' motion to exclude previously undisclosed testimony or evidence**

Granted _____   Denied _____   Deferred __**XXX**__

Plaintiffs' motion is DEFERRED to the Pretrial Conference.

**4. Plaintiffs' motion to exclude prior settlement agreements**

Granted _____   Denied _____   Deferred __**XXX**__

Plaintiffs' motion is DEFERRED to the Pretrial Conference.

**5. Plaintiff's motion to exclude testimony by Mark Strachan**

Granted _____   Denied __**XXX**__   Deferred _____

Plaintiffs' motion is DENIED. Mark Strachan's declaration was filed in connection with claim construction. <u>See</u> Strachan Decl. (docket no. 131-2). In his declaration, Strachan stated that "[n]either the term *closely conforming* nor the term *substantially uniform thickness* are terms of art that a POSA [person of ordinary skill in the art] understands to have a specific technical meaning." <u>Id.</u> at ¶ 33. He further stated that "a POSA would understand *substantially uniform thickness* to mean the floor tray's *thicknesses* after thermoforming is [sic] no more variable than the thickness of the sheet of thermoplastic prior to thermoforming." <u>Id.</u> at ¶ 35. The Court concluded in claim construction that, in the context of the patent claims at issue, the term "substantially uniform thickness" cannot be read to require any comparison between the uniformity of the polymeric sheet's thickness and the uniformity of the end product's thickness. Order at 9 (docket no. 183). This ruling would preclude Strachan's testimony if he was presenting only the opinions quoted above; however, after the Court issued its Claim Construction Order in August 2024, Strachan authored a report that offered a different analysis. <u>See</u> Strachen Rebuttal Report (Feb. 12, 2025), Ex. A to Schaum Decl. (docket no. 347-1). Strachan relied on thickness measurements performed by defendant Yita, LLC's personnel using the Jensen Hughes testing protocols to conclude that the range of thicknesses in the accused

products were outside of what a person of ordinary skill in the art would consider "substantially uniform." *Id.* at ¶¶ 67–73.  Any contention that Strachan relied on poor data goes to weight, not admissibility.  In addition, whether the range of thicknesses revealed by the data is "substantially uniform" is a question of fact for the jury to decide.  Finally, the Court notes that plaintiffs did not move to exclude or limit Strachan's testimony by the deadline (June 12, 2025) set forth in the Minute Order entered April 2, 2025, docket no. 207.

6. **Plaintiffs' motion to exclude argument or testimony regarding litigation conduct and alleged "moving target" of trade dress description**

Granted  **XXX**          Denied  **XXX**          Deferred  _____

Plaintiffs' motion is GRANTED in part and DENIED in part.  Defendants are precluded from characterizing plaintiffs' discovery responses about the scope of their trade dress as a "moving target" or otherwise editorializing about plaintiffs' conduct in discovery.  Defendant, however, will be allowed to offer as evidence (for the sake of completeness) plaintiffs' initial and supplemental discovery responses relating to the description of their trade dress.

B. **DEFENDANTS' MOTIONS**

A. **Defendants' motion to exclude U.S. Patents Nos. D514,493 and D522,428 (collectively, "Design Patents")**

Granted  _____          Denied  **XXX**          Deferred  _____

Defendants' motion is DENIED.  The Court previously concluded that the Design Patents constitute evidence that the patterns of baffles and channels in the vehicle floor tray were, at the time, "new, original, and ornamental," but the Design Patents do not establish that the patterns were not also functional.  Order at 11 (docket no. 314).  The Court also ruled that the various utility patents are evidence that the baffles and channels serve a utilitarian purpose, but they do not prove that the specific shapes or spacing of the baffles, or the particular configuration of the channels, are also functional.  *Id.*  Defendants' contention that plaintiffs somehow committed a fraud on the Patent and Trademark Office by not disclosing the various utility patents when applying for the Design Patents lacks merit, and defendants' argument does not provide a basis for excluding the Design Patents from evidence.

B. **Defendants' motion to preclude testimony concerning "alternatives" to the trade dress at issue**

Granted  _____          Denied  _____          Deferred  **XXX**

Defendants' motion is DEFERRED to the Pretrial Conference.

ORDER - 4

**C.  Defendants' motion to exclude testimony by Ray Sherman and Joel Delman**

Granted _____    Denied __**XXX**__    Deferred _____

**D.  Defendants' motion to exclude testimony by Ray Sherman and Joel Delman**

Granted _____    Denied __**XXX**__    Deferred _____

Defendants' motions concerning the scope of Sherman's and Delman's testimony, which was addressed in the Minute Order entered August 18, 2025, docket no. 315, are DENIED.  To the extent that defendants seek to exclude more than what was set forth in the Minute Order, their motions in limine constitute inappropriate and untimely motions for reconsideration.

**E.  Defendants' motion to preclude plaintiffs' advertising expenditures**

Granted _____    Denied _____    Deferred __**XXX**__

Defendants' motion is DEFERRED to the Pretrial Conference.

**F.  Defendant's motion to preclude non-aggregated financial information**

Granted _____    Denied _____    Deferred __**XXX**__

Defendants' motion is DEFERRED to the Pretrial Conference.

**G.  Defendants' motion to preclude testimony by Ryan Granger**

Granted __**XXX**__    Denied __**XXX**__    Deferred __**XXX**__

Defendants' motion is GRANTED in part, DENIED in part, and DEFERRED in part to the Pretrial Conference.  The parties are DIRECTED to meet and confer and arrange for Granger to be deposed at a mutually convenient time prior to the Pretrial Conference.  To the extent that the parties have not conducted depositions of individuals who are expected to testify at trial, they shall meet and confer and file, within three (3) days of the date of this Order, a list of such witnesses and a plan for completing such discovery in advance of trial.

**H.  Defendant's motion to preclude argument or evidence concerning national origin or native language**

Granted __**XXX**__    Denied _____    Deferred __**XXX**__

Defendants' motion is GRANTED in part and DEFERRED in part to the Pretrial Conference.  Plaintiffs have stipulated that they will not make "improper nationalistic or jingoistic" arguments, and they are precluded from doing so.  With respect to ways

in which national origin or native language might be relevant to the issues in the case, defendants' motion is DEFERRED to the Pretrial Conference.

**I.  Defendants' motion to exclude testimony pursuant to Federal Rule of Civil Procedure 37(c)**

Granted _____    Denied _____    Deferred __**XXX**__

Defendants' motion is DEFERRED to the Pretrial Conference.

**J.  Defendants' motion to preclude reference to U.S. Patent No. 7,316,847 ("the '847 Patent")**

Granted _____    Denied __**XXX**__    Deferred _____

Defendants' motion is DENIED.  The '847 Patent issued before the patent-in-suit, U.S. Patent No. 8,833,834 ("the '834 Patent"), and the latter '834 Patent arose from an application that was continuation of a division of the application that ripened into the former '847 Patent.  See '834 Patent at 1, ¶ (60), Ex. 4 to 3d Am. Compl. (docket no. 144-4).  Whether Jinrong's possession of a copy of the former '847 Patent, along with whatever notations about the latter '834 Patent are on it, constitutes evidence of Jinrong's "mens rea" relating to patent infringement is an issue for the jury to decide.

**K.  Defendants' motion to exclude testimony regarding ISO 9001 certification**

Granted __**XXX**__    Denied _____    Deferred _____

Defendants' motion is GRANTED.  Plaintiffs do not intend to elicit testimony that the method used to test the accused products was ISO 9001 certified, and the fact that the methodology used for plaintiffs' own products is ISO 9001 certified is not relevant to any issue in the case.  Plaintiffs can testify about their protocols without attempting to boost their credibility by referring to an ISO certification.

DATED this 10th day of October, 2025.

_/s/ Thomas S. Zilly_
Thomas S. Zilly
United States District Judge